UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10047-DSF (SK) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Thomas Kenneth Mills v. State of California et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Erica Valencia | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:**     (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff is a California state prisoner seeking to proceed in forma pauperis with a complaint under 42 U.S.C. § 1983 against the State of California and three physicians with the California Department of Corrections and Rehabilitation. (ECF 1 at 2-3, 5). He alleges that Defendants violated his Eighth Amendment rights by prescribing him Risperdal from 2014 to 2016 with no warning of its side effects. (*Id.* at 3-5). He claims that using Risperdal caused him to develop gynecomastia. (*Id.* at 3). Plaintiff's in forma pauperis application is deficient for many reasons.

First, as a threshold matter, Plaintiff failed to authorize disbursements from his prison trust account and to provide a certified copy of his trust fund statement for the last six months. *See* 28 U.S.C. § 1915(a)-(b); L.R. 5-2. Without that authorization and the certified statement, Plaintiff cannot proceed with his complaint unless he first pays the full amount of the filing fee.

Second, even if Plaintiff had paid the full filing fee, the claims in the complaint appear unexhausted. Under the Prison Litigation Reform Act of 1995, state prisoners seeking relief in federal court for alleged civil rights violations must exhaust all available prison administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a), (h). Plaintiff admits, however, that he has not exhausted his prison administrative remedies. (ECF 1 at 2). Dismissal is thus appropriate since failure to exhaust is clear from the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014); *Medina v. Sacramento Cty. Sheriff's Dep't*, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016).

Third, the State of California is immune from suit under the Eleventh Amendment. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Section 1983 did not abrogate that immunity. *See Stilwell v. City of Williams*, 831 F.3d 1234, 1245 (9th Cir. 2016).

Fourth and last, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff alleges that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-10047-DSF (SK) | Date | November 23, 2020 |
|---|---|---|---|
| Title | Thomas Kenneth Mills v. State of California et al. | | |

named physicians violated his Eighth Amendment rights by negligently failing to warn him of Risperdal's side effects. (ECF 1 at 3-5). But without more that conduct does not rise to the level of the "deliberate indifference to serious medical needs" necessary to constitute the "unnecessary and wanton infliction of pain" under the Eighth Amendment. *Estelle*, 429 U.S. at 104.

For all these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **December 23, 2020** why his in forma pauperis application should not be denied and his complaint dismissed. If Plaintiff wishes to proceed with this action, he must first either file a complete form CV-60P (attached here) that authorizes disbursements from his prison trust account and includes a certified copy of his trust account statement for the last six months, or he must pay the full amount of the required filing fee. Even then, Plaintiff must also file either an amended complaint that cures the deficiencies described in this order or a response to this order explaining why it is wrong.

If Plaintiff cannot cure the deficiencies outlined in this order, or if Plaintiff no longer wishes to pursue this action, he may voluntarily dismiss the action using the attached form CV-09. Prisoner complaints that are voluntarily dismissed do not count as strikes under 28 U.S.C. § 1915(g), which limits the number of federal civil rights lawsuits prisoners may file in their lifetime without prepayment of filing fees.

**If Plaintiff fails to comply with this order, the Court may also recommend involuntary dismissal of this action for failure to prosecute.** *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

**IT IS SO ORDERED.**